IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CHARLES A. McKUHN, JR.                                          PETITIONER

v.                          NO. 2:19-cv-00095 DPM/PSH

DEWAYNE HENDRIX                                                 RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

The events giving rise to petitioner Charles A. McKuhn, Jr., ("McKuhn") entering the custody of respondent Dewayne Hendrix ("Hendrix") were summarized by the United States Court of Appeals for the Sixth Circuit ("Court of Appeals"). The summary is as follows:

> After … McKuhn swindled several debt-ridden individuals out of their homes and several debt-ridden churches out of every last tithe in their collection plates, he paid a price of his own. A jury convicted him of several fraud offenses, and a judge sentenced him to 210 months in prison and ordered him to pay $2.5 million in restitution. …
>
> Even though McKuhn charmed people into parting with their money over false promises related to financial instruments rather than band instruments, his scheme was not complex—more Harold Hill than Bernie Madoff. He would identify individuals struggling to make their monthly mortgage payments and promise he could reduce their debts for an upfront fee. He added sophisticated-sounding phrases and claims of access to his pitch with talk of "private banking," "diplomatic immunity" and "blanket bonds" from the Federal Reserve that would underwrite the payments. After his victims paid the upfront fee, McKuhn told them not to make any additional payments to their banks or to return any phone calls threatening sanctions. Then he disappeared, taking the debtors' fees with him and leaving the victims to face foreclosure, bankruptcy or both.
>
> McKuhn initially preyed on people who had known him for years. He expanded his web by encouraging friends to introduce him to other acquaintances and eventually to their ministers. After tapping into a network of pastors, McKuhn identified several struggling congregations and convinced the church leaders to fork over fees, sometimes to secure a line of credit, sometimes to eliminate debt.
>
> All told, 194 individuals and 22 churches suffered from the fraud. Many lost their homes, barely escaped foreclosure or were forced to declare bankruptcy. One church lost its building, and several others had to restructure their loan agreements and mortgages on less favorable terms. The total losses from the fraud exceeded $3.1 million.

See United States v. McKuhn, 518 Fed. Appx. 375, 377 (6th Cir. 2013).

McKuhn appealed and challenged, in part, the "procedural and substantive reasonableness of his sentence." See United States v. McKuhn, 518 Fed. Appx. at 378. Specifically, he challenged the district court's calculation of the loss involved, the district court's consideration of a non-18 U.S.C. 3553(a) factor, and the ordering of restitution. The Court of Appeals found no reversible error and affirmed his conviction and sentence. See Id.

McKuhn then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255. In the motion, he challenged, in part, several of the calculations in the Pre-Sentence Report. The United States District Court for the Western District of Tennessee denied the petition because it did not warrant relief. See McKuhn v. United States, 2015 WL 1957096 (W.D.Tenn. 2015). With respect to his challenge to several of the calculations in the Pre-Sentence Report, the district court found the following: "[the claim] is not cognizable in a 2255 motion because it could have been raised on direct appeal." See Id. at 8.

McKuhn did not formally appeal the denial of his motion pursuant to 28 U.S.C. 2255 but did file a petition for writ of mandamus in which he maintained, in part, that the denial of his motion was in error. The Court of Appeals denied the petition for writ of mandamus. See Docket Entry 7, Exhibit 2.

McKuhn then began the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In the petition, he maintained that several elements were "double counted" in calculating his sentence and reflect an enhancement not found by the jury, both of which resulted in him receiving a longer sentence than he would have otherwise received. He asked that his sentence be re-calculated.

Hendrix filed a response to the petition and asked that it be dismissed. He so maintained for the following reason:

> … [McKuhn's claim], if not actually raised in his direct appeal, could have been raised at that time. A 2241 petition in the district of incarceration cannot be used to assert a claim that could have been, or actually was, raised on direct appeal, or in a timely 2255 motion in the sentencing court. … Consequently, petitioner's 2241 petition should be dismissed for lack of subject matter jurisdiction.

See Docket Entry 7 at CM/ECF 2.

McKuhn was accorded an opportunity to explain why his petition should not be dismissed for the reason advanced by Hendrix, and McKuhn was given until October 25, 2019, to do so. October 25, 2019, has now passed, and McKuhn has filed nothing.

Hendrix's statement of the law is correct. A petition pursuant to 28 U.S.C. 2241 in the district of incarceration cannot be used to assert a claim that could have been, or actually was, raised on direct appeal or in a timely motion pursuant to 28 U.S.C. 2255 in the sentencing court. See Nichols v. Symmes, 553 F.3d 647 (8th Cir. 2009); Hill v. Morrison, 349 F.3d 1089 (8th Cir. 2003); Taylor v. Rivera, 2015 WL 6557011 (E.D.Ark. 2015) (Ray, MJ), report and recommendation adopted, 2015 WL 6555415 (E.D.Ark. 2015) (Holmes, J); Harris v. Outlaw, 2012 WL 1415452 (E.D.Ark. 2013) (Ray, MJ), report and recommendation adopted, 2012 WL 1417763 (E.D.Ark. 2012) (Marshall, J).

McKuhn's claims involve challenges to the calculation of his sentence and could have been raised below. Although it is not clear whether he did, it is clear that his petition—one pursuant to 28 U.S.C. 2241—cannot be used to assert claims that could have been, or actually were, raised on direct appeal or in a motion pursuant to 28 U.S.C. 2255. The federal courts lack subject matter jurisdiction to entertain his claims.

4

Accordingly, it is recommended that this case be dismissed for lack of subject matter jurisdiction. The dismissal should be without prejudice. See <u>List v. County of Carroll</u>, 240 Fed.Appx. 155 (8th Cir. 2007) (dismissal for lack of subject matter jurisdiction in effect dismissal without prejudice). Judgment should be entered for Hendrix.

RECOMMENDED this 30th day of October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE